

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. Y. Boyd
County Auditor
Lubbock County
Lubbock, Texas

Dear Sir:

> Opinion No. O-2744
> Re: Appointment of a county
> librarian and assistant.

Your letter of September 13 requests an opinion of this Department upon the following questions contained therein:

"First, in case of the resignation of County Librarian would the Commissioners' Court have the authority to appoint another person as Librarian who had no certificate from the State Board of Examiners, and would the County Auditor have the authority, or be required to pay the salary to that person?

"Second, in the case of not having a qualified Librarian would the Commissioners' Court have the authority to appoint Assistant Librarian to serve in the capacity of Librarian until such time as that person could qualify and and pass the Board of State Library Examiners and secure certificate, and would the County Auditor have the authority to pay salary as such assistant?"

Article 1683, Vernon's Civil Statutes, provides:

"Upon the establishment of a county free library the Commissioners Court shall biennially appoint a County Librarian who shall hold office for a term of two (2) years subject to removal for cause after a hearing by said Court. No person shall be eligible to the office of County Librarian unless prior to his appointment he has received from the State Board of Library Examiners a certificate of qualification for office; and when any County Librarian has heretofore

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. Y. Boyd, page 2

"received a certificate of qualification for office from
State Board of Library Examiners, and has served as
County Librarian for any county in this State, said
Librarian may be employed or reemployed by any county
as Librarian without further examination and issuance
of certificate from said State Board of Library Examiners.
The County Librarian shall, prior to entering upon the
duties of his office, file with the County Clerk the
official oath and make a bond upon the faithful perfor-
mance of his duties with sufficient sureties approved
by the County Judge of the county of which the Librarian
is to be the County Librarian, in such sum as the Commis-
sioners Court may determine."

Article 1684, Vernon's Civil Statutes, provides:

"The salary of the librarian and assistants shall
be fixed by said court at the time they fix the salary
of the appointive county officers.  The county librarian
and assistants shall be allowed actual and necessary
traveling expenses incurred in the business of the library."

Article 1685, Vernon's Civil Statutes, provides:

"The librarian shall endeavor to give an equal and
complete service to all parts of the county through branch
libraries and deposit stations in schools and other loca-
tions where suitable quarters may be obtained,  thus dis-
tributing printed matter, books, and other educational
matter as quickly as circumstances will permit.  The
county librarian shall have the power to make rules and
regulations for the county free library, to establish
branches and stations throughout the county, to determine
the number and kind of employees of such library, and,
with the approval of the commissioners' court, to appoint
and dismiss such employees.  The county librarian shall,
subject to the general rules adopted by the commissioners'
court, build up and manage according to accepted rules
of library management, a library for the people of the
county and shall determine what books and other library
equipment shall be purchased."

Hon. J. Y. Boyd, page 3

Your attention is called to the provision in the first statute quoted above that "No person shall be eligible to the office of County Librarian unless prior to his appointment he has received from the State Board of Library Examiners a certificate of qualification for office; . . ."

Title 35 of our statutes containing the above articles and from which the commissioners' court receives its authority and is authorized to create, maintain and operate county free libraries, also creates the State Board of Library Examiners. While the law grants to the commissioners' court the authority to operate and maintain the libraries, creating the office of county librarian with power in the commissioners' court to appoint a person to fill that office, this power is expressly limited in the respect that such person, prior to his appointment, and as a condition of eligibility to hold the office must have received a certificate of qualification for the office from the State Board of Library Examiners.

It will be noted that Article 1634, supra, requires that the salary of the librarian and assistant shall be fixed by the commissioners' court at the time they fix the salaries of the appointive county officers. The commissioners' court would have no authority to fix the salary of an ineligible person as county librarian, and it would necessarily follow that such ineligible person, occupying the position of county librarian, could not legally receive the salary which attaches to the office, the fulfilling of which is conditioned upon one being qualified and eligible at the time of the appointment.

This brings us to your second question which concerns the temporary appointment of an assistant librarian to serve in the capacity of librarian under the facts outlined. The commissioners' court is a court of limited jurisdiction and powers and its authority to appoint an assistant librarian under the facts as stated must necessarily be expressed or implied from the statutes quoted. The only expressed power given to the court concerning an assistant librarian is that of fixing his salary. The court is further expressly granted authority to approve the appointment of library employees made by the county librarian and approve any dismissal of such employees by the county librarian. An assistant librarian,

Hon. J. Y. Boyd, page 4


working under the supervision and control of the county librarian, is an employee within the meaning of the term "employees of such library" as used in Article 1685, supra.

We are unable to recognize any implied authority on the part of the commissioners' court to appoint an assistant librarian from the language of these statutes. Such power to appoint employees or an assistant librarian is expressly vested by statute in the county librarian. The commissioners' court merely approves such appointments.

In the case of Neeper vs. Stewart, 66 S. W. (2d) 812, the court held that the word "assistant" as used in law authorizing an assistant to the county superintendent, necessarily implied that duties were to be performed in connection with, and under the direction of the superintendent. The language of the statutes involved in this case was stronger for implying authority in the commissioners' court to employ or appoint an assistant than in the above statutes.

In accordance with the views expressed, it is therefore the opinion of this Department that the commissioners' court has no authority to appoint a person county librarian who does not have a certificate as required by Article 1683. It naturally follows that a person appointed to the office of county librarian who is ineligible to hold that office may not legally demand the salary attached to said office. It is presumed that all public officers will perform their duties in accordance with law. In the instant case, the law presumed that the Commissioners' Court of Lubbock County will not appoint to the office of county librarian any person who is, under the plain provisions of the statute, ineligible to hold that office. Therefore, we do not deem it necessary to categorically answer that part of your first question relating to your authority to approve a warrant drawn on the county treasurer in payment of the salary of such ineligible officer. In this connection, we invite your attention to the provision found in both Articles 1928 and 2340, R. C. S., which must be incorporated in the official bond of a county judge or county commissioner as one of the conditions thereof, and is as follows: ". . . that he will not vote or give his consent to pay out county funds except for lawful purposes."

In answer to your second question, it is our further opinion that where there is no qualified county librarian in charge of a county free library the commissioners' court has no authority to appoint an assistant librarian to serve in the capacity of county librarian.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:AMM

APPROVED OCT 17, 1940

ATTORNEY GENERAL OF TEXAS

